UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CR-294-1-F
No. 5:08-CV-154-F

| | | |
|---|---|---|
| KAMAL MAJEID WEBB, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner Kamal Majeid Webb's ("Webb") "Rule 60(b)(6) Motion for Relief from Final Judgment." *See* [DE-100]. Specifically, notwithstanding his waiver of the right to challenge the calculation of his advisory U.S.S.G. range in any post-conviction proceeding, *see* April 25, 2005, Memorandum of Plea Agreement [DE-23], ¶ 2c; the dismissal of his direct appeal for the same reason on December 22, 2006, *see* Order [DE-41]; the denial in 2008, of his § 2255 motion [DE-60] on the merits in regard to the same issue, *see* Order [DE-74]; and the Fourth Circuit Court of Appeals' dismissal of his appeal from the § 2255 order and its refusal to issue a Certificate of Appealability thereon, *see* September 17, 2009, Opinion [DE-84], Webb now contends he is entitled to relief pursuant to Rule 60(b)(6), Fed. R. Civ. P., because of the manner in which the court determined his base offense level for purposes of calculating his advisory Guideline range.

Webb argues that this court's denial of his § 2255 motion in August 2008, insofar as it rejected his argument against conversion at sentencing of money seized into its drug equivalent, constituted "clear error and Manifest Injustice." Motion [DE-100], p. 1. The order [DE-74] from which Webb seeks relief was filed almost exactly three years ago. Webb explains that "[t]his motion is brought before the Court to bring light to the clear error and a manifest injustice committed by the District Court during collateral review of Petitioner's 2255 petition to the Court entered March of 2008 and decided August of the same year." Rule 60(b)(6)

Motion [DE-100], at p. 4. He has not offered to explain the delay in filing this motion until two-years after the Fourth Circuit's dismissal of his appeal of that order in September 2009.

The record in this case contains clear and unequivocal statements of the court's rationale for why and how it converted the cash seized from Webb at his arrest to a quantity of cocaine base in order to arrive at the correct Base Offense Level for calculation of Webb's advisory Sentencing Guideline range. The court received and considered evidence presented by both the Government and by Webb concerning the nature and source of the cash. The court did not misunderstand the applicable law or either party's position as to the "facts."

The Government presented evidence, including Webb's own affidavit, the testimony of live witnesses, and its investigation results included in the Presentence Report, that Webb had not earned the seized money from employment or reported any taxable income during the relevant period. The record fully bears out the court's disbelief in Webb's evidence that he earned the cash producing a show "the night before" his arrest. A live witness called by the Government at the final sentencing hearing offered credible testimony that refuted Webb's explanation of the source of the seized cash. *See generally,* Transcripts, [DE-81], [DE-82], and [DE-83]. The court, as fact-finder at sentencing, did not believe Webb's story.

Even if the instant motion properly could be construed as a Rule 60(b)(6) motion[1], the record herein amply supports the order [DE-74] that is the subject of that motion. Webb's "Rule 60(b)(6)Motion for Relief from Final Judgment" [DE-100] is DENIED as meritless.

SO ORDERED.

This, the __17th__ day of August, 2011.

James P. Fox
JAMES C. FOX
Senior United States District Judge

---

[1] The court does *not* so hold.